IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES J. NUNEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-080 |
| | § | |
| THE CITY OF TEXAS CITY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending are The City of Texas City, Texas's ("Defendant") Motion for Taxable Costs (Document No. 43) in the amount of $6,206.62, and Plaintiff James J. Nunez's Objections to Bill of Costs (Document No. 44). After carefully considering the motion, objections, reply, and the applicable law, the Court concludes as follows.

I. Standard

A prevailing party in a civil action is entitled to recover its costs unless the court orders otherwise. FED. R. CIV. P. 54(d). Taxable costs include:

(1) fees of the clerk and marshal;

(2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) docket fees under [28 U.S.C. § 1923];

(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920. A district court may decline to award statutory costs but may not award costs omitted from the statute. Crawford Fitting Co. v. J.T. Gibbons, Inc., 107 S. Ct. 2494, 2497 (1987); Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993). "If the party against whom costs are taxed does not specifically object, the costs sought are presumed necessary for the case. If there is an objection, the party seeking costs has the burden of supporting its request with evidence documenting the costs incurred, and proof, if applicable, as to whether the challenged amount was necessarily incurred in the case." Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co. W.L.L., No. H-07-2684, 2009 WL 1457632, at *3 (S.D. Tex. May 26, 2009) (Rosenthal, J.) (citing Fogleman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991)); see also Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64 (5th Cir. 1994).

## II. Analysis

Plaintiff asserts that Defendant should not recover (1) fees incurred to court reporting services for obtaining copies of Plaintiff's educational, health, and work records from third

parties; (2) fees incurred in obtaining printed transcripts of depositions of Defendant's own employees, except for Plaintiff himself; and (3) costs of making in-house copies of materials for use in the case.[1]  First, Plaintiff's education, training, and medical history were all at issue in this case, and the costs incurred by Defendant to obtain copies of his work, education, and medical records were necessary for use in the case. *See, e.g.*, Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 364 (8th Cir. 1997) (finding that district court did not abuse its discretion in awarding employer, as prevailing party in ADEA claim, costs incurred in copying employee's medical records).

Second, the fees Defendant incurred to obtain printed transcripts of its own employees' depositions were likewise necessary for use in the case.  These employees were (1) Chief Grimm (the fire chief whom Plaintiff alleged terminated him for discriminatory reasons), and (2) Messrs. Coutorie, De Los Reyes, Hamilton, Lee and Rippard (the co-workers whom Plaintiff alleged were comparators for purposes of his disparate-treatment claim). Plaintiff argues that because Defendant employs these deponents and did not notice their depositions, the costs for the transcripts of the depositions are not taxable under section 1920.  Plaintiff cites no authority to substantiate this premise, nor has the Court found any.  Section 1920 only requires that the transcripts were

---

[1] Document No. 44.

3

necessary for use in the case and charged at a reasonable rate, and they were.

Finally, Plaintiff objects to Defendant's request for $2,695.95 in copying costs because "most of Defendant's listed copying costs are in-house; as such, they should be disallowed."[2] Costs for in-house copies are recoverable assuming the costs do not exceed the charges of an outside print shop. Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago, 38 F.3d 1429, 1441 (7th Cir. 1994) ("[C]harges for in-house reproduction may not exceed the charges of an outside print shop." (quoting Martin v. United States, 931 F.2d 453, 455 (7th Cir. 1991)). Here, Defendant's counsel charged a reasonable rate--$0.15 per page. See, e.g., Sigur v. Emerson Process Mgmnt., No. 05-1323-A-M2, 2008 WL 1908590, at *6 & n.8 (M.D. La. Feb. 21, 2008) ("The Court's review of the relevant jurisprudence indicates that rates which have been deemed reasonable range from $.10 to $.25 per page, with most courts adopting a $.10 to $.15 copying rate."); Harkins v. Riverboat Services, Inc., 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003) ("Copy fees between $0.10 and $0.20 per page are reasonable."). Plaintiff makes no argument that the copies Defendant made were unnecessary, but rests his objection solely on the ground that Defendant cannot

---

[2] Document No. 44 at 3.

4

recover because the copies were made in-house; that objection is overruled.[3]

III. Order

Accordingly, it is

ORDERED that Defendant The City of Texas City, Texas's Motion for Taxable Costs (Document No. 43) is GRANTED, Plaintiff James J. Nunez's Objections to Bill of Costs (Document No. 44) are DENIED, and it is therefore

ORDERED that Defendant The City of Texas City, Texas shall have and recover of and from Plaintiff James J. Nunez taxable costs of SIX THOUSAND TWO HUNDRED SIX and 62/100 DOLLARS ($6,206.62).

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 20TH day of January, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Regardless, Defendant has proffered a list containing the date and amount charged for photocopies made in connection with this case and attached a declaration from its counsel, under penalty of perjury, specifically representing that the copies were necessarily incurred as part of Defendant's summary judgment filings, document production, and exhibits used in depositions. Document No. 45, ex. A. The Court finds that the $2,695.95 in copying costs were necessary for the case. See Sigur, 2008 WL 1908590, at *6.